[No. 16269.  Department Two.  May 19, 1921.]

JOHN CALLAHAN, *Appellant*, v. MORRIS B. SACHS,
*Respondent*.[1]

APPEAL (418)—REVIEW—FINDINGS. The findings and conclusions
of a trial court will not be disturbed on appeal where the evidence
preponderates in their favor and the trial judge had opportunity
to weigh the testimony and measure the credibility of the witnesses.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered August 25, 1920, upon
findings in favor of the defendant upon a counterclaim,
in an action on an account, tried to the court. Affirmed.

*Trefethen & Findley*, for appellant.

*Rummens & Griffin*, for respondent.

PARKER, C. J.—The plaintiff Callahan commenced
this action seeking recovery of $3,500 claimed as a
balance due upon a loan made by him to the defendant
Sachs. Answering the plaintiff's complaint, the de-
fendant denies having procured or received from the
plaintiff the alleged loan or any portion thereof. As
an affirmative defense and counterclaim, the defendant
alleges that he is the owner of thirteen and one-half
shares of the capital stock of the Garrett-Callahan
Company, a corporation, of the value of $5,000; that
the plaintiff procured and unlawfully withholds the
same and has collected certain dividends thereon; and
prays for recovery of the thirteen and one-half shares
of stock, or, in the alternative, $5,000, the value there-
of, and also for the amount of the dividends collected
thereon by the plaintiff. These allegations of the de-
fendant's affirmative answer and counterclaim are de-
nied by the plaintiff's reply. The cause proceeded to

[1]Reported in 198 Pac. 269.

trial upon these issues—all parties proceeding upon the theory that they were all properly triable in this one action—before the court sitting without a jury; resulting in findings and judgment denying to the plaintiff recovery as prayed for and awarding to the defendant recovery upon his counterclaim as prayed for. From this disposition of the cause, the plaintiff has appealed to this court. The questions here presented are wholly questions of fact. Not a single question of law is presented, or citation of legal authority made in the briefs of counsel for the respective parties.

As to the alleged loan upon which appellant sought recovery, the trial court found in substance that it was not made by appellant to respondent, but was made by appellant to another person, for which respondent was in no way responsible.

As to the alleged ownership and unlawful withholding of the possession of the shares of stock by appellant from respondent, the trial court found in substance that the thirteen and one-half shares of stock were at all times in question the property of respondent; that they were included in a certificate for 133 shares of the stock issued in the name of appellant, which certificate was indorsed by him and placed in possession of respondent, leaving the separation of their respective shares to be made by the issuance of new certificates in the future; and that appellant had collected dividends thereon. The real controversy upon this branch of the case was as to whether or not thirteen and one-half of the shares represented by this certificate were in fact the property of respondent; the certificate for the 133 shares being delivered to appellant by respondent for the purpose of having new certificates issued and, as claimed by respondent, having a certificate for thirteen and one-half shares issued

and returned to him. We have critically read all of the evidence and are convinced that it preponderates in support of the conclusions reached by the trial court, looking alone to the cold typewritten evidence, which is, of course, our only guide. It is therefore plain that, since the trial judge had a better opportunity for weighing the testimony and measuring the credibility of the respective witnesses, we should not disturb his conclusions. We think the case does not call for further discussion.

The judgment is affirmed.

MITCHELL, TOLMAN, MAIN, and MOUNT, JJ., concur.